■ In the Matter of JACQUELINE TROKEY, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated August 1, 1979, and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for reimbursement for travel expenses incurred in visiting a psychologist. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner, who is eligible for medical assistance by virtue of her status as a home relief recipient, seeks reimbursement under the medical assistance program for travel expenses which she incurred in making visits to a psychologist. Most significantly, the psychologist's fees for the services rendered during these visits have been borne entirely by petitioner and there is nothing in the record to suggest that she has challenged the local agency's failure or refusal to pay such fees under the medi-

cal assistance program. Section 365-a (subd 2, par [j] [numbered par (i) at all times relevant hereto]) of the Social Services Law provides for payment under the medical assistance program of part or all of the costs of "transportation when essential to obtain care and services *in accordance with this section*" (emphasis supplied). Elsewhere that section effectively provides for payment under the medical assistance program of the cost of part or all of clinical psychological care and services "which are furnished an eligible person * * * *in accordance with this title, and the regulations of the department*" (Social Services Law, § 365-a, subd 2, emphasis supplied; see 18 NYCRR 505.18). In accordance with the authority granted to it under the title in question (see Social Services Law, § 364, subd 2, par [b]; § 364-a, subd 2), the State Department of Health has assumed responsibility for assessing the qualifications of and granting final approval to all psychologists who wish to participate in the medical assistance program. Since the psychologist treating petitioner had not been approved by the Department of Health for participation in that program at the times petitioner visited her, the services rendered to petitioner on the dates in question were not "furnished * * * in accordance with [Social Services Law, art 5, tit 11], and the regulations of the department". Pursuant to the Social Services Law, petitioner may not be reimbursed under the medical assistance program for the cost of the transportation necessary to obtain those services. Moreover, 18 NYCRR 505.10 (a) (1), as properly interpreted by the State commissioner, affords petitioner no greater rights than she possesses under the Social Services Law. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.